**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. <u>R.</u> 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3652-21

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

KALIL J. GRIFFIN, a/k/a
DARNELL WILLIAMS,
KAHLIL GRIFFIN, and
KAHALIL GRIFFIN,

     Defendant-Appellant.

_____

Submitted January 22, 2024 – Decided March 4, 2024

Before Judges Gilson and Bishop-Thompson.

On appeal from the Superior Court of New Jersey, Law Division, Monmouth County, Indictment No. 12-05-0857.

Joseph E. Krakora, Public Defender, attorney for appellant (Steven M. Gilson, Designated Counsel, on the brief).

Raymond S. Santiago, Monmouth County Prosecutor, attorney for respondent (Daniel Ian Bornstein, of counsel and on the brief).

PER CURIAM

Defendant Kalil Griffin appeals from a June 20, 2022 order denying his petition for post-conviction relief (PCR). He argues that he was entitled to an evidentiary hearing on his claim that his trial counsel was ineffective in failing to call an expert to challenge a medical examiner's testimony concerning the victim's time of death. Because defendant failed to establish a prima facie showing of ineffective assistance of counsel, we reject his argument and affirm.

I.

On February 21, 2011, R.C. was found dead in his apartment.[1] A jury convicted defendant of four crimes related to the murder of R.C.: first-degree felony murder, N.J.S.A. 2C:11-3(a)(3); first-degree armed robbery, N.J.S.A. 2C:15-1; second-degree unlawful possession of a weapon, N.J.S.A. 2C:39-5(b); and second-degree possession of a weapon for an unlawful purpose, N.J.S.A. 2C:39-4(a). Defendant was sentenced to an aggregate prison term of fifty years, with periods of parole ineligibility and parole supervision as prescribed by the No Early Release Act, N.J.S.A. 2C:43-7.2.

On direct appeal, we affirmed defendant's convictions and sentence. State v. Griffin, No. A-5665-16 (App. Div. Dec. 17, 2019). Thereafter, the Supreme

---

[1] We use initials for the victim to protect his family's privacy interests.

Court denied defendant's petition for certification.  State v. Griffin, 241 N.J. 206 (2020).

In February 2021, defendant filed a PCR petition.  Thereafter, he was assigned counsel, and Judge Michael A. Guadagno heard arguments on the petition.  On June 20, 2022, Judge Guadagno issued a written opinion and order denying defendant's petition.

Judge Guadagno reviewed all the arguments presented in defendant's PCR petition, including the argument that he now iterates to us on this appeal.  As part of his PCR petition, defendant submitted documents showing that his trial counsel had retained a qualified forensic pathologist to examine R.C.'s time of death.  Correspondence between that pathologist expert and defendant's trial counsel established that the expert did not think he could offer an opinion concerning when R.C. died.  Just as critically, the expert informed defendant's trial counsel that he did not think his testimony would be useful in rebutting or challenging the medical examiner's expert report concerning the time of R.C.'s death.  Based on that uncontroverted evidence, Judge Guadagno found that trial counsel had not been deficient in strategically deciding not to call the expert.

Judge Guadagno also found that defendant had not established any prejudice.  In that regard, the judge summarized the evidence presented at trial,

A-3652-21

which included defendant's own statement to police admitting that he had been at R.C.'s apartment on February 18, 2011, and the testimony of Joshua Simmons, who had been with defendant at the time of the robbery and had agreed to testify against defendant. Simmons detailed how, on February 18, 2011, defendant had gone into R.C.'s apartment, then shot and robbed R.C.

## II.

On this appeal, defendant raises one argument, which he articulates as follows:

> THIS MATTER MUST BE REMANDED FOR AN EVIDENTIARY HEARING BECAUSE [] DEFENDANT ESTABLISHED A PRIMA FACIE CASE OF TRIAL COUNSEL'S INEFFECTIVENESS FOR NOT HAVING A FORENSIC PATHOLOGIST TESTIFY REGARDING THE VICTIM'S TIME OF DEATH.

When a PCR court does not conduct an evidentiary hearing, appellate courts review the denial of a PCR petition de novo. State v. Harris, 181 N.J. 391, 420-21 (2004); State v. Lawrence, 463 N.J. Super. 518, 522 (App. Div. 2020). The PCR court's decision to proceed without an evidentiary hearing is reviewed for an abuse of discretion. State v. Vanness, 474 N.J. Super. 609, 623 (App. Div. 2023) (citing State v. Brewster, 429 N.J. Super. 387, 401 (App. Div. 2013)).

4                                                                    A-3652-21

To establish a claim of ineffective assistance of counsel, a defendant must satisfy the two-prong Strickland test: (1) "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment," and (2) "the deficient performance prejudiced the defense." Strickland v. Washington, 466 U.S. 668, 687 (1984); State v. Fritz, 105 N.J. 42, 58 (1987) (adopting the Strickland two-prong test in New Jersey). Under prong one, a defendant must establish that "counsel's representation fell below an objective standard of reasonableness." Strickland, 466 U.S. at 688. Under prong two, a defendant must demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694.

A petitioner is not automatically entitled to an evidentiary hearing merely by filing for PCR. State v. Porter, 216 N.J. 343, 355 (2013); State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999). Rule 3:22-10(b) provides that a defendant is entitled to an evidentiary hearing on a PCR petition only if: (1) he or she establishes "a prima facie case in support of [PCR]," (2) there are "material issues of disputed fact that cannot be resolved by reference to the existing record," and (3) "an evidentiary hearing is necessary to resolve the claims for relief." Porter, 216 N.J. at 354 (alteration in original) (quoting R.

3:22-10(b)). In making that showing, a defendant must "demonstrate a reasonable likelihood that his or her claim will ultimately succeed on the merits." State v. Marshall, 148 N.J. 89, 158 (1997); see also R. 3:22-10(b). Thus, to obtain an evidentiary hearing on a PCR petition based upon claims of ineffective assistance of counsel, a defendant must make a showing of both deficient performance and actual prejudice. State v. Preciose, 129 N.J. 451, 463-64 (1992).

When a defendant claims his or her trial attorney failed to call a certain witness, we consider "whether there is a reasonable probability that, but for the attorney's failure to call the witness, the result would have been different[;] that is, there would have been reasonable doubt about the defendant's guilt." State v. L.A., 433 N.J. Super. 1, 15-16 (App. Div. 2013); see also State v. Bey, 161 N.J. 233, 261-62 (1999) (declining to find ineffective assistance of counsel where the proffered testimony "would not have affected the jury's deliberations"). Furthermore, "a defense attorney's decision concerning which witnesses to call to the stand is 'an art,' and a court's review of such a decision should be 'highly deferential.'" State v. Arthur, 184 N.J. 307, 321 (2005) (citations omitted) (quoting Strickland, 466 U.S. at 693, 689).

Having conducted a de novo review, we affirm substantially for the reasons explained by Judge Guadagno in his thorough and well-reasoned written opinion. Defendant failed to make a prima facie showing that his trial counsel was ineffective in not calling an expert who had told trial counsel that he could not provide useful testimony. As Judge Guadagno summarized from the undisputed documents presented as part of the PCR petition, the expert had informed trial counsel that there was nothing the expert would be able "to do as a medical examiner to either corroborate or negate the non-medical/scientific findings" elicited by the prosecution. Moreover, the expert told trial counsel that it would not be in defendant's best interests for the expert to testify at trial. Given that unrebutted evidence, defendant did not show that his trial counsel had been deficient or ineffective.

The record also establishes that defendant did not make a prima facie showing that had the expert been called to testify, there would have been a reasonable probability that the jury would not have found defendant to be guilty. The evidence adduced at trial included defendant's admission, the testimony of Simmons, and the testimony of other witnesses who corroborated that defendant had been at R.C.'s apartment on February 18, 2011. Indeed, a review of the expert's report given to trial counsel establishes that the expert would not have

7

been able to address or rebut the testimony of Simmons or the other witnesses called by the State.

Because defendant failed to make a prima facie showing of ineffective assistance of counsel, Judge Guadagno did not abuse his discretion in denying defendant's PCR petition without an evidentiary hearing. See Porter, 216 N.J. at 354-55; R. 3:22-10(b).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION